**Wilma LAIDLEY, Cindy Thulin, Bettye Redding, and Renee Waisner, Appellants,**

v.

**Lantz McCLAIN, individually and in his official capacity as District Attorney of Creek County, State of Oklahoma, and the State of Oklahoma, Appellees.**

No. 80339.

Supreme Court of Oklahoma.

Feb. 6, 1996.

Rehearing Denied March 20, 1996.

---

Attorney Lantz McClain. Having defeated his predecessor in the 1986 election, McClain was sworn in as District Attorney on January 5, 1987. On that day, McClain discharged appellants from their positions in the office of the District Attorney for Creek County. On March 9, 1987, appellants filed notices of claim pursuant to 51 O.S.Supp.1986, § 156. On June 7, 1987, the claims were denied.

Within 180 days of the denial, appellants filed an action against the district attorney and the State in the United States District Court for the Northern District of Oklahoma alleging wrongful discharge because of political opinions and affiliations. The federal district court granted summary judgment in favor of the district attorney and the State. On appeal, the Court of Appeals for the Tenth Circuit determined that the district attorney is a state official for purposes of the Eleventh Amendment of the United States Constitution and affirmed the summary judgment in favor of the district attorney in his official capacity. On remand, the federal district court entered judgment dismissing all claims against appellees in their official capacity on April 19, 1991.[1]

On December 20, 1991, appellants refiled their state governmental tort claims against the district attorney and the State in an action in the district court in Creek County, Oklahoma.[2] Appellees moved for dismissal. The state district court concluded that 12 O.S.1991, § 100 does not apply to a governmental tort claims action and dismissed all causes. The Court of Appeals affirmed. We previously granted certiorari.

■ The issue presented is whether a timely-filed governmental tort claims action may be refiled pursuant to 12 O.S.1991, § 100. We recently addressed this issue in *Cruse v. Board of County Commissioners of Atoka County, Oklahoma*, 910 P.2d 998 (Okla.1995), mandate issued January 24, 1996. *Cruse* concluded that where valid no-

**SUMMARY DISPOSITION ORDER**

Appellants were employees in the office of the District Attorney of Creek County, Oklahoma. They were hired in ministerial positions by the predecessor of appellee District

1. Appellant Laidley's federal claim against the district attorney was tried before a jury in the federal court. The jury returned a verdict in favor of the district attorney.

2. In *Grider v. USX Corporation*, 847 P.2d 779, 783 (Okla.1993), we recognized that § 100 applies regardless of whether the original suit was filed i state court or federal court sitting in Oklahoma. See also, *Edmison v. Crutsinger*, 165 Okla. 252, 25 P.2d 1103 (1933).

tice has been given and the governmental tort claims action has been timely filed, the court's power is invoked and, at that point, the governmental tort claims action is controlled by the laws of this state, including 12 O.S.1991, § 100. *Cruse* held that 12 O.S. 1991, § 100 operates to allow the refiling of a governmental tort claims action within one year from the date the original timely-filed governmental tort claims action failed other than on its merits.

■ Appellants complied with the notice requirements in § 156 and commenced the original action within the time limit prescribed by § 157(B). Upon dismissal of the original action, appellants refiled their governmental tort claims action within one year of the dismissal in accordance with 12 O.S. 1991, § 100. The district court erred in dismissing this timely-refiled governmental tort claims action.

Pursuant to Rule 1.201 of the rules of Appellate Procedure in Civil Cases, 12 O.S. 1991, ch. 15, app. 2, we summarily dispose of this appeal. The opinion of the Court of Appeals, Division IV, is vacated, the district court's dismissal order is reversed and this cause is remanded to the district court for further proceedings.

/s/ Alma Wilson
CHIEF JUSTICE

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, SUMMERS and WATT, JJ., concur.

LAVENDER, SIMMS and HARGRAVE, JJ., dissent.

OPALA, Justice, dissenting:

For an explanation of my reasons see *Cruse v. Bd. of County Comm'rs of Atoka County, Okl.*, 910 P.2d 998, 1005 (Okla.1995) (Opala, J., dissenting).